**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| CARLOS DURID MEJIA LOPEZ; I.D.M.U., | No. 23-3655 |
| Petitioners, | Agency Nos. A220-307-527 A220-307-528 |
| v. | |
| PAMELA BONDI, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 27, 2025[**]
Pasadena, California

Before:    TASHIMA, NGUYEN, and MENDOZA, Circuit Judges.

Carlos Durid Mejia Lopez and his minor son, natives and citizens of

Honduras, petition for review of a decision of the Board of Immigration Appeals

(BIA).  The BIA dismissed Petitioners' appeal of a decision of the Immigration

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously finds this case suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2)(C).

Judge (IJ), who denied their application for asylum, withholding of removal, and protection under the Convention Against Torture (CAT).  We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

1.      The IJ did not err in relying on *In re S-E-G-*, 24 I. & N. Dec. 579 (BIA 2008), to reject the proposed group of young Honduran men who opposed gangs on the ground that being young is not an immutable characteristic.  *See id.* at 583 ("We agree with the Immigration Judge that 'youth' is not an entirely immutable characteristic but is, instead, by its very nature, a temporary state that changes over time.").

2.      Petitioners contend the BIA erred by failing to consider all the evidence, such as country conditions and human rights reports, but they do not point to any evidence the BIA ignored that would establish that their proposed social groups are socially distinct.  *See Diaz-Torres v. Barr*, 963 F.3d 976, 978–79, 981 (9th Cir. 2020) (concluding that the evidence did not establish that the petitioner's proposed social groups were distinct where "[n]othing in the record addresses whether Mexican society views either of [the petitioner's] proposed social groups as distinct," noting that no "country conditions reports or news articles mention such a group"); *Conde Quevedo v. Barr*, 947 F.3d 1238, 1243 (9th Cir. 2020) (agreeing with the BIA that the proposed social group of "persons who

'report the criminal activity of gangs to the police'" in Guatemala was not socially distinct because there was no evidence, "such as country reports, background documents, or news articles," showing that such persons "are perceived or recognized as a group by society in Guatemala").

3.	Although the evidence that Mejia Lopez was kidnaped and beaten and that his cousin was tortured and killed might indicate treatment that rises to the level of persecution, Petitioners have not provided evidence that would establish that their proposed groups are perceived as distinct in Honduran society. Petitioners' asylum claim thus must fail because they have not established that the harm was on account of a protected ground. *See Antonio v. Garland*, 58 F.4th 1067, 1073 (9th Cir. 2023) (explaining that to qualify for asylum, the applicant must establish that "the persecution was on account of one or more protected grounds" (quoting *Bringas-Rodriguez v. Sessions*, 850 F.3d 1051, 1062 (9th Cir. 2017) (en banc))). Their withholding of removal claim also fails. *See Singh v. Garland*, 57 F.4th 643, 658 (9th Cir. 2023) (stating that "an applicant who 'fail[s] to satisfy the lower standard of proof required to establish eligibility for asylum . . . necessarily . . . fail[s] to demonstrate eligibility for withholding'" (quoting *Pedro-Mateo v. INS*, 224 F.3d 1147, 1150 (9th Cir. 2000))).

3

**4.** Petitioners failed to establish eligibility for CAT relief because, even if the harm Mejia Lopez suffered and fears rises to the level of torture, they have failed to establish that they would be tortured with the acquiescence of a public official if they returned. *See Sharma v. Garland*, 9 F.4th 1052, 1067 (9th Cir. 2021) (explaining that, "[t]o qualify for CAT protection, a petitioner must show" not only that "it is 'more likely than not he or she would be tortured if removed to the proposed country of removal,'" but also that the torture would be "inflicted by or at the instigation of or with the consent or acquiescence of a public official" (quoting 8 C.F.R. §§ 208.16(c)(2), 208.18(a)(1))).

The petition for review is **DENIED**.